UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SANTIAGO VASQUEZ SOLANO,**

   Movant,

v.                                                    No. 4:22-cv-0161-P
                                                      (No. 4:20-cr-0019-P)

**UNITED STATES OF AMERICA,**

   Respondent.

## OPINION AND ORDER

Before the Court is Movant Santiago Vasquez Solano's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. ECF No. 1. Having reviewed the motion, the supporting memorandum, the government's response, the record, including the record in the underlying criminal case, and applicable authorities, the Court **DENIES** the motion.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On January 15, 2020, Movant was named along with others in a one-count indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 17. Movant entered a plea of not guilty. CR ECF No. 20. He later signed a stipulation of fact admitting, among other things, that he was guilty of the offense charged. CR ECF No. 40. He waived his right to trial by jury, CR ECF No. 41, and was tried by the undersigned and found guilty, CR ECF No. 58.

The probation officer prepared a presentence report, which reflected that Movant's base offense level was 38 because the offense involved 4.5 kilograms or more of methamphetamine (actual). CR ECF No. 72, ¶ 23. He received a two-level enhancement for importation. *Id.* ¶ 24. He was not eligible for the safety valve because he did not provide truthful

information and evidence to the government concerning the offense. *Id.* ¶ 25. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 31, 32. Based on a total offense level of 37 and a criminal history category of I, Movant's guideline imprisonment range was 210 to 262 months. *Id.* ¶ 63.

The Court sentenced Movant to a term of imprisonment of 200 months. CR ECF No. 111. The sentence was below the guideline range based on Movant's lack of criminal history and the need to avoid unwarranted sentencing disparities among defendants. CR ECF No. 112. The Court determined that the sentence was sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a), and that it was the sentence that would be imposed even if the guideline calculations were incorrect. *Id.* Movant appealed, CR ECF No. 113, and his sentence was affirmed. *United States v. Solano*, 851 F. App'x 527 (5th Cir. 2021).

## GROUND OF THE MOTION

Movant asserts one ground in support of his motion. He contends that he received ineffective assistance of counsel on appeal because his attorney failed to competently argue that his sentence was substantively unreasonable. ECF No. 1 at 4; ECF No. 2 at 6–19.

## LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow

2

injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B.   Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result," *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

The sole ground on appeal was the substantive reasonableness of the sentence imposed. *United States v. Solano*, Appellant's Br., No. 20-11037, 2021 WL 674498 (5th Cir. filed Feb. 19, 2021). Movant simply urges that his counsel should have done more to emphasize his lack of criminal history, age (at time of sentencing and projected release), and education level. ECF No. 2 at 12–16. But courts must be particularly wary of arguments that essentially come down to a matter of degrees. *Dowthitt v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000). They should not second-guess appellate counsel's strategy. *Id.* The Supreme Court has counseled that assessment of attorney performance should not be distorted by hindsight. *Strickland*, 466 U.S. at 689.

Here, Movant has not shown that his appellate counsel's conduct fell below the wide range of reasonable professional assistance. Nor has he shown that, even assuming professional errors were made, there is a reasonable probability that, but for counsel's errors, the result of the appeal would have been different. Nothing he has alleged is sufficient to undermine confidence in the outcome. *See Dowthitt*, 230 F.3d at 743.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **18th day** of **October 2022.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE